UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
June 03, 2022
Nathan Ochsner, Clerk

Adriana Almanza, §
                             §
       Plaintiff, §
                             §
versus                      §     Civil Action H-20-4276
                             §
Kilolo Kijakazi, §
                             §
      Defendant. §

## Opinion on Summary Judgment

1.     *Introduction.*

The question is whether substantial evidence supports the commissioner's decision that Adriana Almanza is not disabled under the Social Security Act. It does.

2.     *Standard of Review.*

Almanza brought this action for judicial review of the commissioner's final decision to deny her disability insurance benefits. *See* 42 U.S.C. §§ 205(g), 405(g) (2005).

Judicial review is limited to determining whether substantial evidence in the record supports the commissioner's decision. This is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.*

3.     *Statutory Criteria.*

The law has a five-step evaluation process to determine whether a claimant is disabled. First, a claimant is not disabled if she works for substantial gain. Second, a claimant is not disabled unless she has been medically impaired for at least twelve months. Third, a claimant is not disabled unless her

impairment meets one listed in appendix 1 of the regulation. Fourth, if the commissioner has yet to make a determination, he will consider the effects of the claimant's impairments on his capacity to work. If the claimant is able to perform her past work, she is not disabled. Fifth, a claimant is not disabled if she can adjust to other work that is a significant part of the national economy. 20 C.F.R. § 404.1520(a) (2003).

4. *Evidence.*
   A. *Background.*

Almanza is a 49-year-old woman who says that she is disabled by: (a) peripheral neuropathy; (b) diabetes; (c) an ankle problem; (d) dysthymia disorder; (e) post-traumatic stress disorder; (f) depression; (g) anxiety disorder; (h) obesity; (i) carpal tunnel syndrome; and (j) high blood pressure.

Almanza has a high-school education, and she has worked as a customer care associate and customer service representative for Sears Roebuck and Walmart. When she applied for social security on April 10, 2019, she said that her disability had begun on January 1, 2011.

The hearing officer found that Almanza's impairments did not meet or equal a listed impairment. He decided that Almanza could do sedentary work.

   B. *Application.*

The hearing officer properly found that Almanza was not disabled. The process was correctly followed.

First, Almanza has not been gainfully employed. Second, the hearing officer found that Almanza's obesity, diabetes with neuropathy, depression, and anxiety were severely impairing her. Third, none of Almanza's impairments met one listed. Fourth, the officer determined that Almanza could do sedentary work with moderate limitations after considering the combined effects of her impairments. Fifth, the officer found that Almanza could find work in the national economy as a security monitor or call out operator.

Almanza argues that the hearing officer erred by: (a) rejecting the opinion of treating physician Winnifer Baduel; and (b) finding that she can work as a security monitor or call out operator.

Almanza says that rejecting Baduel's opinion resulted in an RFC determination not supported by substantial evidence. She highlights that because Baduel believed obesity caused her limitations and was documented by her body mass index, Baduel's treatment notes support her opinion. The hearing officer's central argument against Almanza's claim is that Baduel's opinion is unpersuasive because Baduel evaluated her from a physical standpoint and relied heavily on her self-reporting.

The record contains substantial evidence that supports this conclusion. Baduel's functional report relied upon Almanza's self-reporting and was not corroborated by objective medical evidence. The hearing officer also considered Randal Reid, Nancy Armstrong, Joel Forgus, and Susan Daugherty's assessments and found them somewhat persuasive. Baduel's opinion is not the only report in the record on which the RFC determination relies.

To determine Almanza's RFC, the hearing officer weighed the evidence in the record – including medical documents and testimony – and found Almanza to have limitations but still able to perform sedentary work. Almanza argues that the vocational expert's testimony conflicts with the obsolete *Dictionary of Occupational Titles* (DOT). Almanza claims that callout operators and surveillance system monitors require interaction with the public. The hearing officer found that Almanza may have occasional contact with the public, but not with large crowds. Occasional contact with the public is not necessarily contact with large crowds, and Almanza should be able to perform sedentary work in either capacity.

The hearing officer incorporated a function-by-function analysis of Almanza's capabilities into hypotheticals posed to the vocational expert. The vocational expert combined his experience using the DOT with recent sources to identify jobs existing in significant numbers in the national economy that Almanza can perform. The vocational expert's testimony does not conflict with the DOT.

The hearing officer's determination is supported by substantial evidence.

5.  *Conclusion.*

The commissioner's decision denying Adriana Almanza's claim for disability insurance is supported by substantial evidence and will be affirmed. Adriana Almanza will take nothing from Kilolo Kijakazi.

Signed on June 3, 2022, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge